## Case No. 6,716.

### HOTCHKISS v. FLOYD.

[4 Quart. Law J. 134.]

District Court, W. D. Virginia. Oct., 1858.

#### BOND—BURDEN OF PROOF.

A bond expresses upon its face that it is given for the purchase money of land; and to an action on such bond there is an equitable plea that the plaintiff had no such land, and would not make title to any such land. By an issue joined on this plea, the onus is upon the plaintiff to prove that he has the land, and can make title thereto.

Archibald Hotchkiss, for the benefit of B. Dubois, brought an action of debt against Wm. P. Floyd, upon a single bill for $2,428, due January 15, 1838. On the face of this paper it was expressed to be "the amount due for the final payment for one league of land situated on Red river, in the republic of Texas, which the said Hotchkiss has this day sold to W. P. Floyd and W. L. Lewis," "as will more fully appear by the bond of said Hotchkiss this day given to said Floyd and Lewis." There was a special plea under the statute concerning equitable set-offs, in which, after taking oyer of the single bill, it was alleged that "when the said writing obligatory was executed, the plaintiff did not own any land on Red river in the republic of Texas, to which he could make any good title;" whereupon the consideration had wholly failed. To this plea there was a general replication. The case was submitted to the court upon this question, "On whom is the burden of proof upon this issue?"

B. R. Johnston, for plaintiff.
Mr. Fulton and R. B. Floyd, for defendant.

BROCKENBROUGH, District Judge. This cause does not come on regularly for trial; the counsel desiring to hear the opinion of the court upon a preliminary question; which opinion, however, as I understand, will probably decide the case. As a general rule, the party holding the affirmative of an issue must sustain that affirmative by proof. There are various exceptions to this rule, some of the more important of which are mentioned by President Tucker in his judgment in Hinchman v. Lawson, 5 Leigh, 695. A number of cases are there mentioned in which the party holding the negative was required to give proof of that negative. But it will be observed that in all or nearly all of those instances, the propositions, though in a negative form, really involved affirmative propositions. How does this rule, then, apply itself to this case?

This is a plea which could not have been filed at common law, which never allowed the consideration of a deed to be inquired into. But the statute of 1831, copied into the Code of 1849, permits the defendant, in an action upon a contract under seal, to plead and prove the failure of the consideration, and the damages resulting from such failure are to be set off against the demand. This plea has been filed under that statute, and is in strict conformity thereto. To such a plea the statute allows only a general replication; but directs that any matter which might furnish ground for a special replication may be given in evidence under the general replication. Then it would be necessary for the plaintiff to show such matter in evidence as would amount to a good special replication to this plea. Now, I suppose, the statute permitted a special replication to this plea. What must that replication necessarily have been? Surely it could only be, in substance, that "the plaintiff did own land on Red river, in Texas, to which he had and could make good title, according to the obligation and effect of his said title bond." Now, this is really what the issue would be, if made up in a complete form? Upon this issue the defendant could not be called upon to sustain the negative. He could not prove that the plaintiff had no such land. But it would be easy for the plaintiff, if the facts are really with him, to adduce the proof. If he has any such land, his title papers will settle the question.

In form this is a plea in confession and avoidance, because it admits the execution of the bond, and confesses that it was once a void obligation. But it is such a plea only in form, and it assumed that form only in accordance with the requisitions of the statute which makes it a plea of set-off, or rather of recoupment. Now, it is a general rule that the defendant must always assume the onus of proving any matter in confession and avoidance. By this plea he admits the cause of action, and it devolves upon him to make good the matter which avoids that cause of action. But I do not think this rule applies to this case; because this plea, though in form (and necessarily so) one in confession and avoidance, is really a plea in bar. I understand a traverse in bar to be a plea denying the original cause of action: one that shows that the plaintiff never had any right to claim what he demands in his declaration. Now, this plea really has this very effect. The consideration for which this single bill was given is expressed upon its face; being a certain quantity of land, located in a particular region, on a given stream. The plea alleges that this consideration never did exist, because the plaintiff never had such land; and therefore the single bill never had any oblig-

atory force. I hold that the plaintiff must rebut every plea in bar; that when the original obligatory force and validity of the instrument is questioned, he must be prepared to maintain it. Here that validity is questioned, and the plaintiff must repel the plea denying that original validity. In every point of view the onus in this case is on the plaintiff.

On this announcement of the court's opinion, the plaintiff suffered a non-suit.